IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LISA HOOD, et al.<br><br>            Plaintiffs,<br><br>    v.<br><br>VICTORIA CROSSING TOWNHOUSE<br>ASSOCIATION, et al.<br><br>            Defendants. | HONORABLE ROBERT B. KUGLER<br><br>Civil Action No.<br>18-12259 (RBK/KMW)<br><br>**OPINION** |

APPEARANCES:

Joshua Louis Thomas, Esq.
JOSHUA L. THOMAS & ASSOCIATES
225 Wilmington West Chester Pike
Suite 200
Chadds Ford, PA 19317
    Attorney for Plaintiffs

Christian M. Scheuerman, Esq.
MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.
Cherry Tree Corporate Center
535 Route 38 East
Suite 501
Cherry Hill, NJ 08002
    Attorney for Defendants Victoria Crossing Townhouse
    Association, Atlantic Realty Management, Kenneth Jaeger,
    Marjorie Wilson, Gail Lusk, and Debra Lafferty

Laurence P. Chirch, Esq.
SANDELANDS EYET LLP
1545 U.S. Highway 206
Suite 304
Bedminster, NJ 07921
    Attorney for Defendant Nationstar Mortgage, LLC d/b/a Mr.
    Cooper

Christina A. Livorsi, Esq.
DAY PITNEY LLP
One Jefferson Road
Parsippany, NJ 07054
    Attorney for Defendants MTGLQ Investors and New Penn
    Financial, LLC d/b/a/ Shellpoint Mortgage Servicing

Martin J. McAndrew, Esq.
O'CONNOR KIMBALL LLP
51 Haddonfield Road
Suite 330
Cherry Hill, NJ 08002
    Attorney for Defendants Brigantine Realty and David Getter


**KUGLER**, District Judge:

## I.    INTRODUCTION

This case arises out of a foreclosure action on a property leased by Plaintiffs Lisa Hood, David Hood, Sr., David Hood III, and Imani Hood (hereinafter, "Plaintiffs") at 108 Pine Knoll Circle in Mays Landing, New Jersey (hereinafter "the Property"). Plaintiffs filed suit against Defendants Victoria Crossing Townhouse Association (hereinafter "Victoria Crossing"), Kenneth Jaeger, Atlantic Realty Management (hereinafter "Atlantic Realty"), Marjorie M. Wilson, Debra A. Lafferty, Gail H. Lusk, Nationstar Mortgage (hereinafter "Nationstar"), MTGLQ Investors (hereinafter "MTGLQ"), New Penn Financial d/b/a Shellpoint Mortgage Servicing (hereinafter "Shellpoint"), Brigantine Realty, and David Getter. (Compl. [Docket Item 1].) Specifically, Plaintiffs allege, <u>inter alia</u>, that Defendants defrauded them by concealing the identity of the true owner of the Property and the

status and nature of foreclosure proceedings against its previous owner and failed to disclose required information. Id.

As discussed below, the Complaint was filed after two closely related proceedings in the Superior Court of New Jersey, Atlantic County. In both actions, the court dismissed Plaintiffs' claims with prejudice. (See Order Dismissing Complaint against Nationstar [Docket Item 15-10]; Order Dismissing Complaint against Victoria Crossing, et al. [Docket Item 16-5]; Denial of Motion to Vacate [Docket Item 15-13].)[1]

Presently before the Court are Defendants' motions to dismiss for lack of subject matter jurisdiction under the Rooker-Feldman doctrine, preclusion under the New Jersey entire controversy doctrine, and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Defs. Brigantine Realty and Getter's Mot. to Dismiss [Docket Item 5]; Defs. MTGLQ and Shellpoint's Mot. to Dismiss [Docket Item 8]; Def. Nationstar's Mot. to Dismiss [Docket Item 15]; Defs.

---

[1] For all references to the state court proceedings, the Court shall cite to copies provided as exhibits to the Defendants' motions to dismiss because these documents are not readily available on electronic databases or in print. This Opinion refers to the state court complaint brought by Plaintiffs, Hood v. Nationstar Mortg., LLC, No. L-6453-14 (N.J. Super. Ct. Law Div. June 26, 2015), provided by Defendants at [Docket Item 16-5], and the "foreclosure action," Nationstar Mortg., LLC v. Ramirez, No. F-036453-14 (N.J. Super. Ct. Ch. Div. Jan. 12, 2017), provided by Defendants at [Docket Item 15-3].

Victoria Crossing, Atlantic Realty, Jaeger, Lafferty, Lusk, and Wilson's Mot. to Dismiss [Docket Item 16].) Plaintiffs have not filed any opposition briefs in relation to any of these motions. For the reasons discussed below, the Court will grant the motions to dismiss with prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Luz Ramirez executed a promissory note, payable to Countrywide Home Loans and secured by a mortgage, for the Property. (Mortgage Documents [Docket Item 8-3].) In March 2014, the mortgage was assigned to Defendant Nationstar. (Assignment of Mortgage [Docket Item 8-5].)

In July 2014, Ramirez transferred the Property to Defendant Victoria Crossing through a quitclaim deed[2] as part of Ramirez's bankruptcy proceedings. (Transcript of Hearing on Motion to Dismiss Second Amended Complaint [Docket Item 16-5], 29:18-21.) In August 2014, Plaintiffs entered into a written lease agreement with Defendant Victoria Crossing and began occupying the Property

---

[2] Plaintiffs question the ownership of the Property at different points in time and whether the deed was properly recorded. However, the New Jersey state courts already ruled on this issue in both proceedings. In the foreclosure action, the Superior Court of Atlantic County, Chancery Division, determined that Plaintiffs did not have standing to challenge the foreclosure action. (See Transcript of Oral Argument [Docket Item 8-13]; Denial of Motion to Vacate [Docket Item 15-13].) Therefore, the Court need not further analyze Plaintiffs' claims arising from the final foreclosure judgment, which are barred by the Rooker-Feldman doctrine, as discussed below.

the following month. (Def. Victoria Crossing's Mot. to Dismiss [Docket Item 16-4].)

On September 2, 2014, Defendant Nationstar filed a foreclosure action against Ramirez in the Superior Court of Atlantic County, Chancery Division. (Nationstar's Complaint [Docket Item 8-6].)

In February 2015, Plaintiffs filed a pro se complaint in the Superior Court of New Jersey, Atlantic County, Law Division against Defendants Nationstar, Victoria Crossing, Atlantic Realty, Lafferty, and Lusk. (Def. Victoria Crossing's Mot. to Dismiss [Docket Item 16-4], 3). Plaintiffs subsequently filed an amended complaint in April 2015 against the same Defendants. (See Second Amended Civil Complaint, [Docket Item 16-5], Ex. B.) On June 12, 2015, the Law Division dismissed the Plaintiffs' claims against Defendant Nationstar with prejudice for failure to state a claim upon which relief can be granted. (Dismissal [Docket Item 15-10]). On June 26, 2015, the Law Division further dismissed Plaintiffs' claims with prejudice against Defendants Victoria Crossing, Atlantic Realty, Lafferty, and Lusk after oral argument for failure to state a claim upon which relief can be granted. (See Transcript of Oral Argument, [Docket Item 16-5].) After oral argument, the Law Division held that Defendant Victoria Crossing was the legal owner of the Property at the time Plaintiffs entered into the lease agreement with Defendant Victoria Crossing, therefore all of

Plaintiffs' claims based on the dispute of the ownership of the Property failed as a matter of law. (Id. at 29:18-30:3.) The Superior Court also held that Plaintiffs' other claims – which were nearly identical to many of the claims against Defendant Victoria Crossing, Atlantic Realty, Jaeger, Lafferty, Lusk, and Wilson in the present Complaint — were either insufficiently pled or barred by the parol evidence rule. (Id. at 33:17-35:11.)

Defendant Nationstar's foreclosure complaint against Ramirez was initially dismissed in January 2016, but it was reinstated in October of the same year and final judgment in favor of Defendant Nationstar was entered on January 12, 2017. (Final Judgment for Foreclosure [Docket Item 8-10].) On January 24, 2017, Defendant Nationstar assigned the mortgage to Defendant MTGLQ. (Assignment of Mortgage [Docket Item 8-16].) Defendant Nationstar sent a notice to Plaintiffs regarding the foreclosure and the upcoming sheriff's sale. (Certification of Proof of Notice [Docket Item 8-11].) On August 17, 2017, the Property was sold to Defendant MTGLQ at the sheriff's sale. (Report of Sale [Docket Item 8-15].) On September 21, 2017, notice was sent to Plaintiffs regarding the change in ownership. (Notification Letter [Docket Item 8-17].)

Five months after the Superior Court's final judgment in favor of Defendant Nationstar in the foreclosure action, Plaintiffs filed a pro se motion in the Superior Court of Atlantic County to vacate the final judgment in the foreclosure action, stay the

scheduled sheriff's sale, and dismiss the foreclosure complaint. (Motion to Vacate [Docket Item 8-12].) The Superior Court scheduled oral argument regarding the pro se motion for October 27, 2017, where Plaintiffs' motion was denied after they failed to appear. (Transcript of Motion Hearing [Docket Item 8-13]; Denial of Motion to Vacate [Docket Item 15-13].) The Superior Court held that Plaintiffs did not have standing to bring forth any of their claims because they were not a party to the original loan and that they should seek remedies through the appropriate landlord dispute court in the state if they had issues with their tenancy. (Transcript of Motion Hearing [Docket Item 8-13], 13:11-25.)

On December 12, 2017, Defendant MTGLQ filed a complaint in the Superior Court of Atlantic County against Plaintiffs for non-payment of rent. (Tenancy Summons[3] [Docket Item 8-18].) On January 24, 2018, the Superior Court dismissed the action after the rent was paid in full by Plaintiffs to Defendant MTGLQ. (Case Summary[4] [Docket Item 8-20].)

While continuing to live at the Property, Plaintiffs filed the present Complaint on July 31, 2018. (Compl. [Docket Item 1].) The Complaint seems to be premised on three main allegations: (1) that the mortgage documents, transfer, and note were fraudulent,

---

[3] MTGLQ Investors, LLC v. Hood, No. LT-005111-17 (N.J. Super. Ct. Law Div. Dec. 12, 2017).
[4] MTGLQ Investors, LLC v. Hood, No. LT-005111-17 (N.J. Super. Ct. Law Div. Jan. 24, 2018).

(2) that the Defendants misrepresented and concealed the true status and nature of the foreclosure, and (3) that the Defendants, in their respective capacities, improperly managed the Property and harassed the Plaintiffs. (See Compl. [Docket Item 1].) The Complaint alleges a host of conclusory recitations of statutes and fails to comply with the Local Civil Rules. More troubling, the Court notes that Plaintiff's Counsel has a well-documented history of filing virtually identical claims in the foreclosure context barred by either the Rooker-Feldman doctrine or the New Jersey entire controversy or both in the District of New Jersey and the Eastern District of Pennsylvania.[5]

---

[5] See, e.g. Rodrigues v. Wells Fargo Bank, N.A., 751 F. App'x 312 (3d Cir. 2018) (dismissing previously litigated claims involving a foreclosure under the New Jersey entire controversy doctrine); Alston v. Bank of America, N.A., No. 18-13702, 2019 WL 16550086 (D.N.J. Apr. 17, 2019) (dismissing all federal claims in the case because they are barred by the Rooker-Feldman doctrine or, in the alternative, the New Jersey entire controversy doctrine); King v. Wells Fargo Bank, N.A., No. 18-11316, 2018 WL 6522917 (D.N.J. Dec. 12, 2018) (finding that all claims are barred by the Rooker-Feldman doctrine or New Jersey entire controversy doctrine); Holder v. Bank of America, N.A., No. 18-13095 (D.N.J. Sept. 17, 2018) (dismissing a case after the plaintiff failed to respond to an order to show cause why the case should not be dismissed due to the Rooker-Feldman doctrine and New Jersey controversy doctrine); Hua v. Bank of America, N.A, No. 17-3727 (D.N.J. July 24, 2018) (dismissing the case after the plaintiff failed to respond to an order to show cause not to dismiss for lack of subject-matter jurisdiction); Damiani v. Wells Fargo, No. 16-8484, 2018 WL 1731347 (D.N.J. Apr. 10, 2018) (dismissing the case under Rooker-Feldman and the New Jersey entire controversy doctrine); Hua v. Wells Fargo Bank, N.A., No. 17-2365, 2017 WL 5624878 (E.D. Pa. Nov. 22, 2017) (dismissing part of the plaintiff's case under the Rooker-Feldman doctrine); Hua v. Lehman XS Trust Mortg. Pass-Through Certificates, Series 2007-7N, No. 17-1457, 2017 WL 4240911 (E.D.

Thereafter, Defendants filed the present motions to dismiss. (See Defs. Brigantine Realty and Getter's Mot. to Dismiss [Docket Item 5]; Defs. MTGLQ and Shellpoint's Mot. to Dismiss [Docket Item 8]; Def. Nationstar's Mot. to Dismiss [Docket Item 15]; Defs. Victoria Crossing, Atlantic Realty, Jaeger, Lafferty, Lusk, and Wilson's Mot. to Dismiss [Docket Item 16].) Plaintiffs have not filed opposition briefs with respect to any of the pending motions.

## III. STANDARD OF REVIEW

Defendants move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). An attack on subject matter jurisdiction can either be facial — based solely on the allegations in the complaint — or factual — looking beyond the allegations to attack jurisdiction in fact. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Where the challenge to subject matter jurisdiction is facial, the court must take all the allegations in the complaint to be true and construe them in the light most favorable to the plaintiffs. Id. However, when the Rule 12(b)(1) motion is a factual attack,

---

Pa. Nov. 14, 2017) (dismissing some claims under the Rooker-Feldman doctrine); Puche v. Wells Fargo, M.A., 256 F. Supp. 3d 540 (D.N.J. 2017) (granting motion to dismiss due to New Jersey entire controversy doctrine); Campbell v. Tabas, No. 16-6513, 2017 WL 3142118 (E.D. Pa. July 25, 2017) (dismissing under Rooker-Feldman); McCue v. Emigrant Mortg. Co., No. 16-960, 2017 WL 3151230 (D.N.J. July 24, 2017) (dismissing under the New Jersey entire controversy doctrine; Akinsanmi v. Nationstar Mortg., No. 16-7732, 2017 WL 2951428 (D.N.J. July 10, 2017) (dismissing under Rooker-Feldman).

such as here, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. Further, a Court may "review evidence outside the pleadings" in determining whether subject matter jurisdiction exists when a factual attack to a pleading is made. See U.S. ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007) (citations omitted).

A motion to dismiss under Federal Rule of Civil Procedure (12)(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. Bell Atl. Corp. v Twombly, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id.

Furthermore, "in deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of America, 361 F.3d 218, 222 n.3 (3d Cir. 2004) (citations omitted). A court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)

## IV. DISCUSSION

In their motions to dismiss, Defendants argue that Plaintiffs' claims should be dismissed for several reasons: (1) the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine; (2) the claims are barred by New Jersey's entire controversy doctrine; (3) Plaintiffs' claims are barred by res judicata and collateral estoppel because their claims regarding the validity of the note and mortgage, Nationstar's right to foreclosure, and the assignments of the mortgage were all litigated in the prior state court actions; and (4) that Plaintiffs have failed to allege any claims against Defendants that entitle them to relief. (See Defs. Brigantine Realty and Getter's Mot. to Dismiss [Docket Item 5]; Defs. MTGLQ and Shellpoint's Mot. to

Dismiss [Docket Item 8]; Def. Nationstar's Mot. to Dismiss [Docket Item 15]; Defs. Victoria Crossing, Atlantic Realty, Jaeger, Lafferty, Lusk, and Wilson's Mot. to Dismiss [Docket Item 16].) For the reasons explained below, the Court finds that the Rooker-Feldman doctrine or, in the alternative, the New Jersey entire controversy doctrine bar all claims in this case that seek to challenge the validity of the mortgage and its assignments and which are sufficiently related to the underlying controversies in the prior state court actions. Plaintiffs' Fair Debt Collection Practices Act (hereinafter, "FDCPA") and Fair Credit Reporting Act (hereinafter, "FCRA") claims fail as a matter of law. With no viable federal claims remaining, the Court declines to exercise supplemental jurisdiction over the remaining state law claims not otherwise excluded and will dismiss those claims without prejudice. Because Plaintiffs' claims cannot proceed on these bases, the Court will not address Defendants' other arguments for dismissal.

**A. The Rooker-Feldman Doctrine Bars Plaintiffs from Bringing the Claims Challenging the Validity of the Prior Actions Against Defendants who were Parties to the Prior Actions**

Defendants MTGLQ, Shellpoint, Nationstar, Victoria Crossing, Atlantic Realty, Jaeger, Lafferty, Lusk, and Wilson move to dismiss Plaintiffs' claims predicated on their challenge to the underlying validity of the mortgage, its assignments, and the ownership of the Property for lack of subject matter jurisdiction under the

Rooker-Feldman doctrine. (Defs. MTGLQ and Shellpoint's Mot. to Dismiss [Docket Item 8-1], 8-14; Def. Nationstar's Mot. to Dismiss [Docket Item 15-1], 7-11; Defs. Victoria Crossing, Atlantic Realty, Jaeger, Lafferty, Lusk, and Wilson's Mot. to Dismiss [Docket Item 16-4], 7-10); see also D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).) The Court agrees with Defendants and will grant this portion of their motions.

"[U]nder what has come to be known as the Rooker-Feldman doctrine, federal courts, other than the United States Supreme Court, are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463 (2006). The doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Id. at 466. For the Rooker-Feldman doctrine to apply, four requirements must be met: (1) the federal plaintiff must have lost in state court; (2) the federal plaintiff must complain of injuries caused by state court judgments; (3) those state court judgments must have been rendered before the federal suit was filed; and (4) the federal plaintiff must be inviting the federal court to review and reject the state court's judgments. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010). In short, pursuant to Rooker-Feldman, a plaintiff may not seek relief in federal court if such relief

"would prevent a state court from enforcing its orders." In re
Knapper, 407 F.3d 573, 581 (3d Cir. 2005). However, the doctrine
is "narrow" and "applies only in limited circumstances." Great W.
Mining, 615 F.3d at 169. "The Rooker-Feldman doctrine does not bar
actions by nonparties to the earlier state-court judgment simply
because, for purposes of preclusion law, they could be considered
in privity with a party to the judgment." Lance, 546 U.S. at 466.

Here, Counts One, Two, and Five through Seventeen of
Plaintiffs' federal Complaint, as alleged against Defendants
MTGLQ, Shellpoint, Nationstar, Victoria Crossing, Atlantic Realty,
Jaeger, Lafferty, Lusk, and Wilson, are direct challenges to the
New Jersey Superior Court's dismissal of Plaintiffs' claims in
Plaintiffs' prior civil complaint against Defendants Nationstar,
Victoria Crossing, Atlantic Realty, Lafferty, and Lusk, and to the
dismissal of Plaintiffs' claims in the foreclosure action.
(Compare Compl. [Docket Item 1], with Transcript of Oral Argument
[Docket Item 16-5], Ex. D, and Transcript of Oral Argument [Docket
Item 8-13].) Plaintiffs' only alleged injuries are unspecified
emotional harm from a fear of eviction and having to pay rent while
they occupy the Property. These "injuries" are a direct result of
the prior judgments' enactment: paying rent to the owners, and the
effects of the final judgment in the foreclosure action and
subsequent sheriff's sale. Moreover, at the time the Complaint was

filed, Plaintiffs continued to live on the Property. (Compl. [Docket Item 1], ¶ 1.)

Therefore, all four elements of the Rooker-Feldman doctrine are met for claims of injuries alleged by the Plaintiffs that are a direct result of the prior state court rulings: (1) Plaintiffs lost not once, but twice in state court, and each time their claims were dismissed with prejudice; (2) all of the "injuries" alleged in connection with the claims by Plaintiffs are a result of the state court rulings; (3) both prior state court rulings were made before Plaintiffs filed the present Complaint; and (4) Plaintiffs are clearly asking the Court to collaterally review (and reverse) the decisions of the New Jersey courts.

Such collateral review is plainly barred by the Rooker-Feldman doctrine. See Otto v. Wells Fargo Bank, N.A., 693 F. App'x 161, 163 (2017) ("To the extent that [the plaintiff's] complaint can be read to include a request for the District Court to overturn or negate the state court judgment of foreclosure, we agree that the Rooker-Feldman doctrine bars the suit.") (citing In re Madera, 586 F.3d 228, 232 (3d Cir. 2009); Knapper, 407 F.3d at 581). Because New Jersey state foreclosure judgments decide the "validity of the note and mortgage; the alleged default; and [the] Defendants' right to foreclose," all claims against parties involved in the foreclosure action that are predicated on these issues and allege issues from the foreclosure judgment are barred.

_Sheldrick v. Wells Fargo Bank, N.A._, No. 16-2797, 2016 WL 7325473, at *17 (D.N.J. Dec. 16, 2016). If Plaintiffs are unhappy with the decisions of the state courts, they may seek relief through the New Jersey state court system, but they cannot do so in this Court.

### B. Plaintiffs Lack Standing to Challenge the Assignments and Foreclosure Judgment

Federal courts are courts of limited jurisdiction and may only consider those actions that meet the case-or-controversy assignments of Article III, Section 2 of the U.S. Constitution. Essential to Article III jurisdiction is the doctrine of standing. _Friends of the Earth, Inc. v. Laidlaw Entl. Servs. (TOC), Inc._, 528 U.S. 167, 180 (2000). To meet the minimal constitutional mandate for Article III standing a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." _Spokeo, Inc. v. Robins_, 578 U.S. ____, ____, 136 S.Ct. 1540, 1547 (2016) (citing _Lujan v. Defenders of Wildlife_, 504 U.S. 555, 560-561 (1992)).

It appears that Plaintiffs are still living on the Property. (Compl. [Docket Item 1], ¶ 1.) To the extent that this is true, Plaintiffs lack standing under Article III for all claims challenging the mortgage assignments and the foreclosure because they have not suffered any injury in fact that is traceable to the conduct of any of the Defendants in the foreclosure and there is

nothing for the Court to redress. Accordingly, Plaintiff's claims challenging the mortgage and foreclosure that are not barred by the Rooker-Feldman doctrine, as described above, will be dismissed without prejudice.

### C. The New Jersey Entire Controversy Doctrine Bars Plaintiffs' Claims

In the alternative, the New Jersey entire controversy doctrine bars all of Plaintiffs' claims that could have been brought in the action filed in 2015 against Defendants Nationstar, Victoria Crossing, Atlantic Realty, Lafferty, and Lusk in the Law Division. These claims must therefore be dismissed with prejudice.

The entire controversy doctrine, codified in Rule 4:30A of the New Jersey Court Rules, "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court." Cogdell v. Hosp. Ctr. at Orange, 560 A.2d 1169, 1172 (N.J. 1989). The doctrine requires litigants to assert all affirmative claims relating to the controversy between them in one action, and to join all parties with a material interest in the controversy, or be forever barred from bringing a subsequent action involving the same underlying facts. See Paramount Aviation Corp. v. Agusta, 178 F.3d 132 (3d Cir. 1999) (requiring "adversaries to join all possible claims stemming from an event or series of events in one suit" under the New Jersey entire controversy doctrine). The doctrine applies in federal courts where there was a previous

state court action involving the same underlying facts. See Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 887 (3d Cir. 1997); Fraize v. Gov't Nat'l Mortg. Ass'n, No. 14-7152, 2016 WL 958392, at *6 (D.N.J. Mar. 14, 2016) ("all claims and parties that a party could have joined in a prior case based on the same transaction or occurrence" will be covered by the entire controversy rule).

The application of the entire controversy doctrine turns on three criteria: "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." Watkins v. Resorts Int'l Hotel and Casino, Inc., 591 A.2d 592, 599 (N.J. 1991). "It is [a] commonality of facts, rather than the commonality of issues, parties or remedies that defines the scope of the controversy and implicates the joinder requirements of the entire controversy doctrine." DiTrolio v. Antiles, 662 A.2d 494, 504 (N.J. 1995). Importantly, the doctrine "bars not only claims that were brought in the previous action, but also claims that could have been brought." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008). The New Jersey entire controversy doctrine is intended to preclude a party from "withhold[ing] part of a controversy for separate litigation even when the withheld component is a separate

and independently cognizable cause of action." <u>Maertin v. Armstrong World Indus. Inc.</u>, 241 F. Supp. 2d 434, 456 (D.N.J. 2002) (quoting <u>Paramount Aviation</u>, 178 F.3d at 137).

Plaintiffs' 2015 complaint against Defendants Nationstar, Victoria Crossing, Atlantic Realty, Lafferty, and Lusk was dismissed with prejudice. While some of the claims in the present Complaint against Defendants Victoria Crossing, Atlantic Realty, Jaeger, Lafferty, Lusk, and Wilson were not germane to Defendant Nationstar's foreclosure proceedings against Ramirez, nearly all are either identical to the claims in state court complaint against Defendants Nationstar, Victoria Crossing, Atlantic Realty, Lafferty, and Lusk that was dismissed with prejudice in 2015 or sufficiently related to the underlying facts that they must be barred. (<u>Compare</u> Compl. [Docket Item 1], <u>with</u> Second Amended Civil Complaint, [Docket Item 16-5], Ex. B.) Defendants Jaeger and Wilson were not joined in that state court action, but the New Jersey entire controversy doctrine bars the same complaints against them that are barred to Defendants Victoria Crossing, Atlantic Realty, Lafferty, and Lusk because they were employed by Defendants Victoria Crossing and Atlantic Realty at the time of the alleged actions and should have been joined to original action. <u>See Rycoline Prods.</u> 109 F.3d at 885.

**D. Plaintiffs' FDCPA Claims Fail as a Matter of Law**

After reviewing Plaintiffs' Complaint, the Court agrees with Defendants Nationstar, Victoria Crossing, Atlantic Realty, MTGLQ, and Shellpoint that Plaintiffs have failed to state a cognizable cause of action under the FDCPA.

A plaintiff seeking to state a claim under the FDCPA "must establish that (1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." Grant v. JPMorgan Chase Bank, No. 12-06248, 2013 WL 1558773, *2 (D.N.J. Apr. 10, 2013) (internal citations omitted).

The FDCPA's provisions generally apply only to "debt collectors." Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000). Generally a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "debt collector" violates the FDCPA if he or she "use[s] any false, deceptive, or misleading

representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

The statute also explicitly excludes creditors, who are "generally not subject to the [FDCPA]." Tepper v. Amos Fin., LLC, 898 F.3d 364, 366 (3d Cir. 2018) (citing Pollice, 225 F.3d at 403 (3d Cir. 2000)). "A 'creditor' is any person: (1) who offers or extends credit creating a debt or (2) to whom a debt is owed." Id. (internal citations omitted).

Plaintiffs allege that Defendants Nationstar, Victoria Crossing, Atlantic Realty, MTGLQ, and Shellpoint have "acted in the capacity of debt collectors as defined by the Federal FDCPA [sic] upon demanding and collecting monthly rent payments from [Plaintiffs]." (Compl. [Docket Item 1] ¶¶ 109-110.) Plaintiffs further allege that these Defendants violated the FDCPA by (i) "[making] false representations as to the ownership of the subject property," (2) "[making] false representations as to the ownership of the 'mortgage loan' allegedly signed by [Ramirez]," (3) "[making] false representations as to the legal status of the rental debt in dispute," (4) "[making] the false representation or implication that nonpayment of the debt in dispute will result in the Plaintiff's [sic] being evicted from the subject property." (Id.)

According to the Complaint, then, the FDCPA does not apply to Defendants' actions. Plaintiffs allege that they were harmed by

paying rents owed directly to Defendants Nationstar, Victoria Crossing, Atlantic Realty, MTGLQ, and Shellpoint — creditors under the FDCPA — who were renting the Property to Plaintiffs. (Id. at ¶ 111.) Plaintiffs do not allege that any third-party debt collectors were involved in the collection of rents. (See generally Compl. [Docket Item 1].)

Moreover, the accusations of false representations are predicated on the Plaintiffs' repeated claim that the mortgage and its assignments were fraudulent, which was already adjudicated in Defendants' favor in the state court proceedings, so these allegations are barred under the Rooker-Feldman doctrine, as discussed, supra.

### E. Plaintiffs Fail to State an FCRA Claim

Plaintiffs claim that Defendants Victoria Crossing and Atlantic Realty "willfully and negligently" failed to comply with various provisions of the FCRA by reporting false information to credit reporting agencies about Plaintiffs and failing to investigate and review the alleged false information. (Compl. [Docket Item 1], ¶¶ 15-16). Their claim is little more than a recitation of the FCRA's statutory provisions. (Id.) Plaintiffs specifically allege violations of 15 U.S.C. §§ 1681n and 1681o, which are the provisions for causes of action against furnishers

of information. Id. The only part of the FCRA Plaintiffs cite to allege a violation is 15 U.S.C. § 1681s-2(b).[6]

The statute explicitly prohibits private enforcement through 15 U.S.C. §§ 1681n and 1681o of violations of 15 U.S.C. § 1681s-2(a). See 15 U.S.C. §§ 1681s-2(c), (d). Only the United States Government may bring enforcement actions under 15 U.S.C. § 1681s-2(a). Tauro v. Capital One Fin. Corp., 684 F. App'x 240, 242 (3d Cir. 2017); SimmsParris v. Countrywide Fin. Corp, 652 F.3d 355, 358 (3d Cir. 2011). "The only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information" is 15 U.S.C. § 1681s-2(b). SimmsParris, 652 F.3d 355 at 358. However, actions alleging a furnisher's violation of 15 U.S.C. § 1681s-2(b) are also limited. Such liability can only be triggered when the furnisher receives notice pursuant to § 1681i(a)(2), which requires that the notice come from the consumer reporting agency, not the consumer. Id. at 359; see also Seamans v. Temple Univ., 744 F.3d 853, 867 n.11 (3d Cir. 2014) (affirming holding in SimmsParris that a furnisher's obligation to investigate — and therefore a consumer's ability to privately

---

[6] In Count Three of the Complaint, Plaintiffs allege that Defendants Victoria Crossing and Atlantic Realty "willfully and negligently fail[ed] to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1581s-2(b)." (Compl. [Docket Item 1], ¶ 16(g).) No such statute exists. As Plaintiffs reference 15 U.S.C. §§ 1681n and 1681o and refer to the FCRA throughout Count Three, the Court assumes that Plaintiffs intend to refer to 15 U.S.C. § 1681s-2(b).

enforce 15 U.S.C. § 1681s-2(b) against a furnisher for failure to do so — is only triggered by notice from the consumer reporting agency of a potentially meritorious dispute).

Plaintiffs do not claim that they notified Defendants Victoria Crossing and Atlantic Realty of any inaccurate credit reporting prior to filing the present Complaint. (See generally Compl. [Docket Item 1].) Plaintiffs' claim against Defendants Victoria Crossing and Atlantic Realty for violations of the FCRA therefore fails as a matter of law and shall be dismissed.

### F. The Court Declines to Exercise Supplemental Jurisdiction over Remaining State Law Claims

The claims brought against Defendants Brigantine Realty and Getter are: (1) "breach of the duty of good faith and fair dealings [sic]," (2) "willful and wonton [sic] gross negligence," (3) "intentional affiliction [sic] of emotional distress," and (4) violations of the New Jersey Foreclosure Fairness Act. (See Compl. [Docket Item 1].) The foreclosure action and the 2015 complaint were brought before these Defendants began interacting with Plaintiffs, and are therefore not barred by the Rooker-Feldman doctrine or the New Jersey entire controversy doctrine. (Compare Compl. [Docket Item 1], with Second Amended Civil Complaint, [Docket Item 16-5], Ex. B, and Motion to Vacate [Docket Item 8-12].) Some of the claims against Defendants MTGLQ and Shellpoint are also related to transactions and occurrences that began after

24

the final judgments in the New Jersey state courts. (See Compl. [Docket Item 1].)

These remaining causes of action are all brought under New Jersey state law, (see id.), and all claims over which the Court may have had original jurisdiction have been dismissed, supra. "[W]hen all federal claims against a party have been eliminated from a case, the district court may, in its discretion, decline to extend supplemental jurisdiction over the remaining state law claims." Rothman v. City of Northfield, 716 F. Supp. 2d 369, 373 (D.N.J. 2010) (citing Lentz v. Mason, 961 F. Supp 709, 717 (D.N.J. 1997)). Where the federal claims are dismissed at an early stage in litigation, courts generally decline to exercise supplemental jurisdiction over state law claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Growth Horizons, Inc. v. Delaware Cty., Pa., 983 F.2d 1277, 1284-1285 (3d Cir. 1993).

In this case, as the Court is dismissing every claim over which it may have had original subject matter jurisdiction at an early stage in the litigation, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## V. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motions to dismiss with prejudice with respect to the claims barred by the Rooker-Feldman doctrine, the New Jersey entire controversy

25

doctrine, and the federal claims that are insufficiently pled. To the extent that Plaintiffs' lack of standing bars certain claims that are not otherwise barred by the Rooker-Feldman doctrine, those claims are dismissed without prejudice. The Court will decline to exercise supplemental jurisdiction over the remaining state law claims and they will be dismissed without prejudice. The Court also finds that Plaintiffs' counsel has repeatedly filed suits in this District and in the Eastern District of Pennsylvania that have been dismissed for lack of subject-matter jurisdiction under the Rooker-Feldman doctrine and/or preclusion under the New Jersey entire controversy doctrine, as in the present action. The courts of the Third Circuit have cautioned him regarding his repeated disregard for court orders and Rules[7], and the Court will now enter an Order for Plaintiffs' counsel to Show Cause why he should not be enjoined from further filings in this Court. The accompanying Order shall be entered.



_July 25, 2019_
Date

_Robert B. Kugler_
ROBERT B. KUGLER
U.S. District Judge

---

[7] See, e.g., Akinsanmi v. Nationstar Mortg., No. 16-7732, 2018 WL 14524404, at *2 n.2 (D.N.J. Jan. 12, 2018) (dismissing motions improperly filed by Mr. Thomas and warning him that "further disregard for the rules may result in an Order to Show Cause as to why discipline should not be imposed").